IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIKA JACOBS,                          :
                                       :
              Plaintiff,               :
                                       :    CIVIL CASE NO.
       v.                              :    1:13-cv-00980-WSD-RGV
                                       :
DONNELLY COMMUNICATIONS,               :
*et al.*,                              :
                                       :
              Defendants.              :

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On March 26, 2013, plaintiff Erika Jacobs ("plaintiff"), proceeding *pro se*, filed

a complaint against defendants Donnelly Communications ("Donnelly"), Martin

Tighe, Pamela Carter, Nabia, Barbara, Talona, Brian, Ashley, Portia Dixon, Sandra,

India, and Sybil, alleging a violation of the Genetic Information Nondiscrimination

Act, 42 U.S.C. § 2000ff-1 ("GINA"), and retaliation in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  [Doc.

1-1; Doc. 3].  Plaintiff was granted leave to proceed *in forma pauperis*, but because she

had failed to adequately allege a claim under GINA or Title VII, on April 1, 2013, the

Court ordered plaintiff to file an amended complaint addressing the deficiencies

noted in the Order, and complying with the Federal Rules of Civil Procedure.  See

[Doc. 2].  Plaintiff has filed an amended complaint, [Doc. 4]; however, she did not

comply with the Court's Order because her amended complaint still suffers from

many of the same deficiencies as her original complaint.  For the following reasons, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 4], be **DISMISSED** for failure to comply with the Court's Order and for failure to state a claim.

## I.  DISCUSSION

### A.    Failure to Comply with the Court's Order

"Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)[1]).  Furthermore, "[a]lthough [the Courts] construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings."  Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).  In its April 1, 2013, Order, the Court ordered plaintiff to "set forth allegations in paragraph 8 of the form that state a plausible claim under the Federal Rules of Civil Procedure,"  and plaintiff was admonished that failure to

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

do so would result in a recommendation that this action be dismissed.  [Doc. 2 at 9-10].

Contrary to the Court's Order, plaintiff's amended complaint still fails to allege any facts to support a discrimination claim under GINA or a retaliation claim under Title VII.  See [Doc. 4]; see also [Doc. 2 at 4-9].  Accordingly, her amended complaint is due to be dismissed for failing to comply with the Court's Order.  LR 41.3A(2), NDGa.; see also Owens, 331 F. App'x at 656; Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008), adopted at *1 (dismissing pro se plaintiff's complaint where he failed to obey court orders as well as comply with the local rules and was warned that such failure could result in sanctions, including dismissal).

**B.     Failure to State a Claim for Relief**

In addition, plaintiff's amended complaint is due to be dismissed because it still fails to state a plausible claim for relief.  In order to state a claim on which relief can be granted, plaintiff's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part:  "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  A complaint should not consist of vague and

conclusory allegations, but must clearly state a cause of action.  See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1.  Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint.  See 28 U.S.C. § 1331.  However, because plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation and internal marks omitted).[2]

In her amended complaint, plaintiff alleges that she was discriminated against on the basis of a genetic condition of suffering from allergies and was retaliated against, which led to her resignation from her employment.  See [Doc. 4 at 2-4, 6-9]. Specifically, plaintiff alleges that "[f]rom May 2012 through November 2012[, she] endured constant taunting and false reports as it pertains to her allergic condition," that her "employer obtained [her] genetic information for the medical condition of

---

[2] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted).

allergy from [her]," and that her "condition of allergies is genetic" and a part of her "genetic makeup." [Id. at 6-7]. Plaintiff also alleges that the Donnelly employees "made false reports about [her] to upper management from August 2012 through November 30, 2012 in reference to her medical condition of allergy" and that Donnelly's Human Resource Manager "made a false statement to the Department of Labor as to [her] reason for leaving the company." [Id. at 7].

### 1.    GINA Discrimination

As previously explained to plaintiff in the April 1, 2013, Order, see [Doc. 2 at 4-7], GINA provides that "it is an unlawful employment practice for an employer to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." Bell v. PSS World Med., Inc., No. 3:12–cv–381–J–99MMH–JRK, 2012 WL 6761660, at *3 (M.D. Fla. Dec. 7, 2012), adopted by 2013 WL 45826, at *1 (M.D. Fla. Jan. 3, 2013) (internal marks omitted) (quoting 42 U.S.C. § 2000ff-1(a)(1)). "Genetic information entails 'information about [an] individual's genetic tests, the genetic tests of family members of such individuals, and the manifestation of a disease or disorder in family members of such individual.'" Id. (alteration in original) (quoting 42 U.S.C. § 2000ff(4)(A)). "Genetic test is defined as an analysis of human DNA, RNA, chromosomes,

proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes," and "[g]enetic information also includes genetic services and participation in genetic research." Id. (citations and internal marks omitted). Thus, in order to state a claim under GINA, plaintiff must plead and plausibly support that (1) she was an employee; (2) who was discharged or deprived of employment opportunities; (3) because of information from her genetic tests. Leone v. N. Jersey Orthopaedic Specialists, P.A., Civil Action No. 11–3957 (ES), 2012 WL 1535198, at *5 (D. N.J. Apr. 27, 2012).

Here, plaintiff has failed to plead any facts indicating that Donnelly "requested or obtained plaintiff's 'genetic information' and discriminated against her on the basis of such 'genetic information.'" Macon v. Cedarcroft Health Servs., Inc., No. 4:12–CV–1481 CAS, 2013 WL 1283865, at *7 (E.D. Mo. Mar. 27, 2013). Instead, plaintiff merely alleges that she suffered from allergies and that Donnelly discriminated against her on this basis. See generally [Doc. 4]. However, she has failed to provide any factual basis to support that she was deprived of any employment opportunities because of information from genetic tests. Leone, 2012 WL 1535198, at *5-6; see also Bell, 2012 WL 6761660, at *3. Indeed, "there are no allegations that any defendant asked for or obtained plaintiff['s] genetic information or, even assuming *arguendo*, that such information was made available to

6

defendant[], that such information was used to discriminate against plaintiff." Lawson v. Kelly, No. 5:11cv119/RS/CJK, 2011 WL 6119099, at *4 (N.D. Fla. Oct. 13, 2011), adopted by 2011 WL 6118766, at *1 (N.D. Fla. Nov. 21, 2011).  Accordingly, plaintiff's amended complaint fails to adequately allege a plausible claim of discrimination under GINA and this claim is therefore due to be dismissed.

### 2.   Title VII Retaliation

Plaintiff also asserts a retaliation claim pursuant to Title VII,[3] but she has not alleged any facts to plausibly support a retaliation claim, nor has she alleged that she engaged in any activity protected by Title VII.  See generally [Doc. 4]; Farrow v. CCA Wheeler Corr. Facility, No. CV 311-053, 2011 WL 4527358, at *2 (S.D. Ga. Aug. 22, 2011), adopted by 2011 WL 4502591, at *1 (S.D. Ga. Sept. 28, 2011) (finding that plaintiff failed to allege a retaliation claim under Title VII because she did not allege that she engaged in "statutorily protected expression").  Here, despite being advised of the deficiencies with regard to her retaliation claim, see [Doc. 2 at 7-9], plaintiff has still failed to allege that she "engaged in any of the sort of statutorily protected

---

[3] To establish a Title VII retaliation claim, plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events.  Salazar v. Hostmark, No. CV 112–145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted by 2012 WL 6127981, at *1 (S.D. Ga. Dec. 10, 2012) (citation omitted).  "Statutorily protected expression refers to an expression in opposition to some practice that is unlawful under Title VII, such as an internal complaint of racial discrimination or sexual harassment."  Id. (citations and internal marks omitted).

expression contemplated by Title VII," [id. (citation omitted)].  In fact, plaintiff continues to complain "about general unfair treatment, not . . . any [] type of discrimination prohibited by Title VII."  <u>Dubose v. SYSCO Corp.</u>, No. 1:10–cv–02952–WSD, 2011 WL 1004675, at *2 (N.D. Ga. Mar. 18, 2011).  Accordingly, plaintiff's retaliation claim is due to be dismissed.

## II.  CONCLUSION

For the reasons stated, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 4], be **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's April 1, 2013, Order, [Doc. 2], and for failure to state a claim.

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, this 22nd day of April, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

8