IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIKA JACOBS, | |
|         Plaintiff, | |
| v. | 1:13-cv-980-WSD |
| DONNELLY COMMUNICATIONS et al., | |
|         Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [5] ("R&R") recommending that this action be dismissed without prejudice for want of prosecution.

**I.   BACKGROUND**

On March 26, 2013, Plaintiff Erika Jacobs ("Plaintiff"), proceeding *pro se*, filed her application to proceed *in forma pauperis* [1] ("IFP Application") and to initiate this action alleging employment discrimination by her former employer Donnelly Communications ("Donnelly") and several individual Donnelly employees (collectively, "Defendants"). Plaintiff asserts that Defendants harassed her in various ways because of her allergies. Plaintiff's original Complaint [3] asserts claims for violations of the Genetic Information Non-Discrimination Act

("GINA") and for retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII").

On April 1, 2013, after reviewing Plaintiff's Complaint for frivolity under 28 U.S.C. § 1915(e)(2), Magistrate Judge Vineyard issued an order [2] (the "April 1st Order") granting Plaintiff's IFP Application but ordering Plaintiff to file an amended complaint.  Judge Vineyard found that Plaintiff's allegations, regarding discrimination based on her medical condition, failed to state a claim under GINA because Plaintiff failed to allege that Defendants discriminated against Plaintiff because of genetic tests or other "genetic information."  Judge Vineyard further found that Plaintiff's allegations failed to support a claim for retaliation under Title VII because Plaintiff failed to allege that she opposed an "unlawful employment practice" prohibited by Title VII.  Judge Vineyard ordered Plaintiff to file an amended complaint stating plausible claims for relief.

On April 17, 2013, Plaintiff filed her Amended Complaint [4], also asserting claims under GINA and Title VII.  On April 22, 2014, after reviewing the Amended Complaint, Judge Vineyard issued his R&R.  Judge Vineyard determined that, although it contains more detail regarding Defendants' alleged harassment, the Amended Complaint still fails to state plausible claims because the alleged actions do not constitute violations of GINA or Title VII.  Judge Vineyard

concluded that the Amended Complaint does not comply with the April 1st Order, and he recommends that this action be dismissed without prejudice for want of prosecution.

On May 14, 2013, Plaintiff filed her Objections [7] to the R&R.  She argues that her Amended Complaint states claims under GINA and Title VII.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B. Analysis

Plaintiff objects to the Magistrate Judge's findings that her Amended Complaint fails to state claims for relief under either GINA or Title VII.  The

Court reviews *de novo* the sufficiency of the allegations to support claims under these statutes.[1]

1.  *GINA Claims*

GINA prohibits an employer from discriminating against an employee "because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a). "Genetic information" means the employee's "genetic tests," "the genetic tests of [the employee's] family members, and "the manifestation of a disease or disorder in [the employee's] family members." Id. § 2000ff(4)(A).

Plaintiff does not allege that Defendants were aware of, let alone discriminated against Plaintiff because of, Plaintiff's genetic tests or the genetic tests or medical conditions of Plaintiff's family members. See id. Plaintiff's Amended Complaint, construed liberally, alleges, at most, that Defendants discriminated against Plaintiff because of her allergies, which Plaintiff alleges to be a genetic condition. Discrimination based on a condition, as opposed to "genetic information," is not covered by GINA. See id.; see also Macon v.

---

[1] Plaintiff does not object to the Magistrate Judge's conclusion that the failure to file an amended complaint stating plausible claims constitutes a violation of the April 1st Order warranting dismissal of this action. The Court does not find any error in this conclusion. See LR 41.3(A), NDGa (authorizing dismissal of an action for want of prosecution if the plaintiff "fail[s] or refuse[s] to obey a lawful order of the court in the case).

Cedarcroft Health Servs., Inc., No. 4:12-cv-1481, 2013 WL 1283865, at *7 (E.D. Mo. Mar. 27, 2013) (holding that alleged discrimination because of a disability is not discrimination because of "genetic information" and thus is not actionable under GINA).  The Amended Complaint therefore fails to state a claim under GINA and does not comply with Judge Vineyard's April 1st Order.  For this reason, the Court finds that this action should be dismissed without prejudice for want of prosecution.  See LR 41.3(A), NDGa.

    2.    *Title VII Claims*

To discriminate against an employee "because of [the employee's] race, color, religion, sex, or national origin" is an "unlawful employment practice" under Title VII.  42 U.S.C. § 2000e-2(a).  Title VII generally prohibits retaliation against an employee for opposing "unlawful employment practices" or participating in the investigation of "unlawful employment practices."  See id.; 42 U.S.C. § 2000e-3(a); McCann v. Tillman, 526 F.3d 1370, 1375 (11th Cir. 2008).  To state a claim under Title VII based on retaliation, the plaintiff must allege facts sufficient to show that she suffered a materially adverse employment action because she complained about an "unlawful employment practice."  See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).

Plaintiff here does not allege that she complained about an "unlawful

employment practice." Plaintiff's Amended Complaint alleges, at most, that Defendants discriminated against her because of her allergies. Plaintiff does not allege that Defendants discriminated against her, or any other employee, on the basis of "race, color, religion, sex, or national origin." See 42 U.S.C. § 2000e-2(a). The Amended Complaint therefore fails to state a claim under Title VII and does not comply with Judge Vineyard's April 1st Order. For this additional reason, the Court finds that this action should be dismissed without prejudice for want of prosecution. See LR 41.3(A), NDGa.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [5] is **ADOPTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 26th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE